WRIGHT, J.
1. As to the want of consideration. The declaration is, that the plaintiff lent the defendant money, and’ he was indebted to him other money for work and goods sold, and after-wards promised the plaintiff to pay said money. The pleader has omitted to assert that the promise was in consideration of the indebtedness, but is not the import of what is alleged the same ? One owes another money, and says that, in consideration of the debt, he will pay the money — -another owes money, and promises to pay it — -is there any essential difference between the two promises ? Would not either convey the idea that the debt was- the matter which induced the promise, the cause of it ? The last supposed case, to our understanding, as clearly shows the promise made on account of the debt, as the first. But whatever we might think, if this objection were shown on a special demurrer, it will not avail after verdict. The plaintiff’s title is a good one^ though defectively set out, and that is good after verdict — that without proof of which the court and jury could not be expected to find, will be presumed after verdict.
2. The jury were sworn only on one issue, and the record does not show that any evidence was offered as to the; setoff. The jury, therefore, found- according to their obligation. The case was one in which the parties had the right to- submit other matters to the jury, which they did not choose to exercise — neither can assign his own neglect for error. We give no opinion as to the-necessity of passing upon a notice in the verdict. It is the best practice to enter the verdict to answer the notice, when in- controversy.
Judgment affirmed.